No. 10,309.

LOUIS SCHWARTZ ET AL. VS. FIREMEN'S CHARITABLE ASSOCIATION OF SIXTH DISTRICT ET ALS.

The Supreme Court has no jurisdiction of a case presenting a contest between parties for certain functions to which no salary is attached.

The amount of money as the fund of a corporation which the parties to the suit may manage or control is no element as a matter in dispute in the litigation.

In construing jurisdictional allegations, the Supreme Court must be guided by the pleadings taken as a whole, and not by strained allegations of pecuniary interests which could never be judicially ascertained.

APPEAL from the Civil District Court for the Parish of Orleans.
Monroe, J.

W. R. Richardson and David Todd for Plaintiffs and Appellants.

B. C. Elliott and Chas. G. Ogden for Defendants and Appellees.

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. The ground of the motion is that the matter in dispute in this case is not equal in amount to the lower limit of our appellate jurisdiction.

The controversy involves the contested right, between plaintiffs and defendants, to represent, as delegates, a certain fire company in the Firemen's Charitable Association of the Sixth District of New Orleans, and plaintiffs are appellants from a judgment which dismissed their action on an exception of no cause of action.

It does not appear from the pleadings that any salary is attached to the funtions which plaintiffs claim to perform adversedly to the defendants. Hence that element must be eliminated from the pecuniary matter in dispute.

The original petition contains the following averment, as the sole jurisdictional allegation:

"That petitioners will be damaged to the amount of more than five hundred dollars unless protected by a writ of injunction."

In an amended or supplemental petition, plaintiffs allege "that they as the proper and legally elected representatives of the Firemen's Charitable Association of the Sixth District will have control, management and distribution of funds belonging to and coming to said association amounting to more than two thousand five hundred dollars, that unless said fund is properly managed, as it will be by petitioners, the legally elected delegates, it will cause irreparable loss, damage and injury to your petitioners as individual members of said company and association and to said company and association."

Assuming the violent presumption, that the management of a fund of some $2500 by any other delegates or representatives but plaintiffs, would inevitably entail an entire loss of the whole fund to its owner, the corporation, it is not possible to conceive how plaintiffs, as members

of the association, would or could lose the same fund, which avowedly is not their individual property.

In construing jurisdictional allegations we must be guided by the real pecuniary interest affecting the parties to the litigation, as disclosed by the pleadings taken as a whole, and not by strained allegations of pecuniary interests which could never be judicially ascertained and determined.

In this connection we have, on more than one occasion, said:

"But no allegation and no affidavit can create an appealable amount of interest, in a litigation which, from its very nature and essence, presents an issue involving no pecuniary gain or loss to the parties in the suit, and where it is apparent from the pleadings that the only judgment to. be possibly rendered can adjudicate no amount in dispute or dispose of no fund to be distributed." Police Jury vs. Miscar, 34 Ann. 836; Buddig vs. Baldwin, 38 Ann. 394; Hite vs. Hinsel, 39 Ann. 113; see also, State ex rel. Newman vs. Hayles, 32 Ann. 1135; Amos vs. Starks, 33 Ann. 304; N. O. vs. Apken, 36 Ann. 419.

We are clear in our conviction that the present case is not within our appellate jurisdiction.

The present appeal is, therefore, dismissed.